Paul L. Breed, OSB No. 83161
65 S.W. Yamhill St., Suite 300
Portland, Oregon 97204
Phone: (503) 226-1403
Fax: (503) 223-1516
E-mail: plb@plbreed.net

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RUSSELL MACY,<br><br>        Plaintiff,<br><br>    v.<br><br>BROWN'S ARCHITECTURAL SHEETMETAL, INC.<br><br>        Defendant. | No.<br><br>COMPLAINT<br><br>(Unpaid Wages and Overtime)<br><br>JURY DEMAND |

Plaintiff alleges:

**First Claim**

(Unpaid overtime; ORS 653.010 - 653.261)

1.

Plaintiff Russell Macy was defendant's employee between December, 2014, to April, 2015.  He served in the capacity of sheet metal worker and is similarly situated to defendant's other hourly paid employees who are also sheet metal workers.  Plaintiff was promised to be paid at the rate of $15.00 per hour.

2.

Defendant Brown's Architectural Sheet Metal, Inc. is a corporation organized under the laws of the State of Oregon.    It is engaged in the business of sheet metal work.    Defendant is and has been, an "employer", within the meaning of ORS 652.310(1) and ORS 653.010(4) and 29 USC § 203.

3.

Defendant has a policy of not paying its hourly employees, including plaintiff, for the time spent by them in completing paperwork after the conclusion of their regularly scheduled shifts.    Completion of this paperwork can take as much as 30 to 45 minutes.    Defendant instructs its employees not to enter the time spent completing this paperwork on their time cards.

4.

Defendant fails to pay to its employees, including plaintiff, a penalty in the amount of thirty days pay for each violation of the overtime laws.

5.

The amount of unpaid wages can be determined only by an examination of plaintiffs' pay and time records which are currently in the possession of defendant.    Plaintiff therefore computes his unpaid wages by means of reasonable approximation.

6.

Based on unpaid work in the approximate amount of 65 hours between December, 2014, and April, 2015,  plaintiff is entitled to an award of unpaid overtime in an amount to be proved at trial which is not less than $880.

7.

Defendant's failure to pay overtime was in violation of ORS 653.055(1) and plaintiff should therefore be awarded a penalty in an amount not less than $3,600.

8.

Plaintiff is entitled to an award of reasonable fees and costs pursuant to ORS 652.200 and 653.055 and to an award of prejudgment interest at the rate of 9% from the date that all sums were due.

**Second Claim**

9.

(Unpaid Wages; ORS 652.150)

Plaintiff reiterates the allegations of 1 through 9.

10.

Plaintiff has terminated his employment with defendant and was not paid all sums due at the time of termination from employment or, in spite of demand, at anytime thereafter.

11.

In addition to the sums set forth above, plaintiff is entitled to a penalty in the amount of thirty days pay for failure to timely pay all sums due at the time of termination from employment all in an amount to be proved at trial which is not less than $3,600.

12.

Plaintiffs are entitled to an award of attorney fees and costs pursuant to ORS 652.200 and to an award of prejudgment interest at the rate of 9% from the date that all sums were due.

**Third Claim**

13.

(Unpaid Overtime; 29 USC § 207)

Plaintiff reiterates the allegations of 1 through 9.

14.

This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiff's claims under the FLSA.

15.

Plaintiff brings this claim as an opt-in collective action pursuant to 29 USC§ 216(b) in his own behalf and in behalf of all employees of defendant who were paid on an hourly basis during the three years immediately prior to the filing of this complaint.

16.

Plaintiff and all similarly situated employees are entitled to an award for their unpaid wages and overtime in an amount to be proved at trial which plaintiff currently estimates to be not less than $197,000.

17.

Plaintiff and all similarly situated employees are entitled to an award of liquidated damages equal to their unpaid overtime in an amount to be proved at trial which plaintiff currently estimates to be not less than $197,000.

18.

Plaintiff is entitled to an award of fees and costs pursuant to ORS 29 USC § 216.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for an award as follows:

1. On his first claim for unpaid overtime and penalties in an amount not less than $4,480 and for his attorney fees and costs and prejudgment interest at the rate of 9%;
2. On the second claim for unpaid final wages and penalties in an amount not less than $4,480 and for his attorney fees and costs and prejudgment interest at the rate of 9%;
3. On the third claim for unpaid overtime under federal law,
   a. for an award of back pay and liquidated damages for plaintiff in an amount to be proved at trial not less than $1,760;
   b. for an order authorizing appropriate notice be sent to all similarly situated employees of defendant who are potential members of the collective action, but have not yet opted - in;

    c.       for an award to all similarly situated employees of their actual damages in the amount of their unpaid wages and overtime and for liquidated damages in an equal amount;

    d.       for an award of reasonable attorney fees and costs;

    e.       for such further relief as the Court deems fair and just.

Plaintiff demands trial by jury.

    ___/s/ Paul L Breed_____
Paul L. Breed, OSB #83161
Attorney for Plaintiff
65 SW Yamhill St., Suite 300
Portland, Oregon 97204
(503) 226-1403
plb@plbreed.net